IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CV-140-FL

| | | |
|---|---|---|
| JENNIFER HEATH HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 19, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates, issued memorandum and recommendation ("M&R") recommending that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R and issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R in full, denies plaintiff's motion, and grants defendant's motion.

## BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on October 9, 2010, alleging that she became unable to work on January 1, 2004. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated September 21, 2012. The Appeals Council ("AC"), denied plaintiff's request for review on April

23, 2013. Plaintiff commenced the instant proceeding for review of the final administrative decision on June 4, 2013.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairment: anxiety disorder. However, at step three, the ALJ further determined that this impairment was not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels subject to the following limitations: plaintiff could understand, remember, and carry out simple instructions; plaintiff could sustain attention for simple tasks, plaintiff could interact with coworkers and supervisors on an occasional basis, but could not interact with the public; plaintiff could not work at a production pace; plaintiff required a job with a predictable schedule where work decisions were concrete and based on standardized circumstances; and plaintiff needed

an object-focused work environment. At step four, the ALJ determined that plaintiff could not perform any past relevant work, but found at step five that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not disabled.

B.  Analysis

Plaintiff raises two objections to the M&R. Specifically, plaintiff argues that: (1) the ALJ's finding at step three that plaintiff's mental impairment did not meet or medically equal 20 C.F.R. Part 404, Sub. Pt. P, App. 1 § 12.06(B) ("Listing 12.06(B)") was not supported by substantial evidence; and (2) the ALJ improperly evaluated her RFC. Upon *de novo* review of plaintiff's objections, the court concludes these objections should be overruled.

As an initial matter, as noted in the M&R, plaintiff acquired sufficient quarters of coverage to remain insured for DIB through December 31, 2006. Thus, to establish her entitlement to DIB, plaintiff must show she became disabled on or before December 31, 2006.

1.  Listing 12.06

In her first objection, plaintiff contends the M&R erroneously recommends that this court uphold the ALJ's finding that plaintiff's mental impairment did not meet or medically equal Listing 12.06. Plaintiff contends that this finding was not supported by substantial evidence. Listing 12.06 is for anxiety related disorders, and it is met when the requirements in either parts A and B, or parts A and C of that listing are satisfied. See Listing 12.06. The ALJ found that plaintiff did not satisfy the B or C criteria, and thus plaintiff failed to meet or medically equal Listing 12.06.

Plaintiff does not contend that her mental impairment meets Listing 12.06(C), which

4

requires "complete inability to function independently outside the area of one's home." Plaintiff bases her objection on her contention that she satisfies the criteria in Listing 12.06(B). These criteria require that a claimant's mental impairment result in "at least two of the following: 1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration." Listing 12.06(B).[1]

The ALJ found that plaintiff has no restriction in activities of daily function, moderate difficulties in social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation of extended duration. Thus, the ALJ determined plaintiff's impairment does not meet or medically equal Listing 12.06(B). R. 15.

Plaintiff objects, contending she has marked difficulties in social functioning and marked difficulties in maintaining concentration, persistence, or pace. As set forth in the M&R, substantial evidence supports the ALJ's finding. The ALJ noted that plaintiff's psychiatrist, Dr. Celeste Good, upon initial examination of plaintiff on October 26, 2004, observed that plaintiff's speech, attention, and concentration were normal. R. 19, 889. Dr. Good further rated claimant's global assessment function ("GAF") at 50, indicating only moderate functional impairment. R. 19, 890. Where Dr. Good continued to treat plaintiff until October 24, 2007, the ALJ also discussed Dr. Good's subsequent treating records, which state that plaintiff improved with the help of medications and therapy. R. 19, 870-86. These records reflect that plaintiff reported feeling overwhelmed at work at times, but that she had mostly good days, and was working long hours. Id. These records also

---

[1] The first three areas of the Listing 12.06(B) criteria are rated on a five-point scale: None, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4).

5

report plaintiff's mood as level on every visit from November 29, 2004, until June 18, 2007. R. 872-886. While plaintiff's mood was reported as depressed and sad on August 6, 2007, on her next and last visit on October 24, 2007 her mood was again reported as level. R. 871, 870.

In support of her argument that the ALJ's determination was not supported by substantial evidence, plaintiff notes that she left her job due to her panic attacks and that she sought psychiatric treatment. She also points to her own testimony and the testimony of her husband regarding the severity of her limitations. It is clear that in arriving at her conclusion, the ALJ considered and weighed the evidence cited by plaintiff, and found her testimony not to be fully credible, and assigned no weight to the testimony of her husband. R. 16-19.

Plaintiff makes no specific contention that the ALJ unlawfully weighed the evidence or the testimony of her husband, nor does she argue that the ALJ unlawfully determined the credibility of her testimony.[2] Rather, plaintiff simply asserts that "[t]he ALJ did not properly evaluate the evidence." Pl's. Objections at 5. Plaintiff's objection is, in actuality, a request that this court re-weigh the evidence presented and make its own credibility determinations. It is not the province of this court to do so. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir.2001) ("In reviewing for substantial evidence the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary." (quotations and alterations omitted)). Accordingly, plaintiff's first objection is overruled.

---

[2] Although no specific objection was lodged to the manner in which the ALJ evaluated the testimony of claimant and her husband, this court has reviewed these determinations and found they were lawfully made under the applicable frameworks as set forth in 20 C.F.R. §§ 404.1513(d) and 404.1529; Craig 76 F.3d at 594-95; SSR 96-7p, 1996 WL 374186, at *2-3; and SSR 06–03p, 2006 WL 2329939, at *6.

2. Plaintiff's RFC

Plaintiff next objects to the analysis in the M&R recommending this court find no error in the ALJ's RFC determination. The court finds that this RFC determination is supported by the substantial evidence from her treatment records from Dr. Good, discussed above, as well as the following, also noted by the ALJ.

When plaintiff first saw Dr. Good on October 24, 2004, she stated that she had been taking Paxil for her panic attacks and improved with this medication, but had switched medication to Lexapro due to the side-effects of Paxil, and her panic attacks returned after this switch. R. 18, 887. Plaintiff denied any suicidal ideation. R. 19, 889. As noted above, records from Dr. Good showed improvement over the course of her treatment of plaintiff. R. 19, 870-86. These records also reflect that plaintiff's appearance, psychomotor activity, speech, and thought processes were normal. R. 19, 870-86. Moreover, plaintiff had no mental health treatment from October 24, 2007, until January 14, 2010, when she saw Elizabeth Hutchins, N.P., at Wilson Psychiatric Associates. R. 19, 535. Despite the fact that plaintiff had not had any treatment for over two years, at intake, Hutchins rated plaintiff's GAF at 52. R. 19, 560

Again, plaintiff does not specifically object that the ALJ unlawfully weighed the evidence, or that the ALJ's RFC determination was not supported by substantial evidence. Rather, plaintiff makes the conclusory assertions that she has extreme difficulty dealing with changes in a routine work setting, and cannot respond to typical work stress, interruptions, or changes in routine. She then states that "[t]he ALJ did not properly evaluate Ms. Holland's mental capacity to perform work on a sustained and continuous basis." Pl.'s Objections at 6-7. This amounts to a thinly-veiled

7

request for this court to re-weigh the evidence behind the ALJ's RFC determination. As discussed above, this is not the role of this court, and plaintiff's second objection is overruled.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the M&R in full, DENIES plaintiff's motion for judgment on the pleadings (DE 19), GRANTS defendant's motion for judgment on the pleadings (DE 22), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED this the 18th day of August, 2014.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge